**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: LORRAINE ROBINSON

CIVIL ACTION

NO: 24-0487

SECTION: C (5)

**ORDER AND REASONS**

Before the court is the appeal of an order of the United States Bankruptcy Court for the Eastern District of Louisiana, denying a motion to vacate sanctions imposed for violating the automatic stay provided by 11 U.S.C. § 362(a). The order is AFFIRMED.

**FACTUAL AND PROCEDURAL HISTORY**

In December 2019, the debtor, Lorraine Robinson, suffered a stroke that left her partially disabled. Her brother, Johnnie Robinson, assumed her care, including managing a rental property at 3426-3428 South Liberty Street in New Orleans. The Liberty Street property consists of six units and was Lorraine's primary source of income.

In June, 2020, Lorraine granted power of attorney to Robinson who then assisted her in filing Chapter 13 bankruptcy to protect the Liberty Street property. Lorraine died in January, 2023 and Robinson proceeded with the bankruptcy.

1

In February 2023, Jonathan Burden appeared at the Liberty Street property and asserted that he owned it. Robinson did not know Burden. Burden told Robinson that Lorraine signed a quitclaim deed conveying the property to him.

Burden returned to the property in March, 2023. This time police were called. Robinson told police and Burden about the pending bankruptcy. After reviewing Burden's quitclaim deed and records on the Parish Tax Assessor's website, the police told Robinson to leave the property.

Robinson initiated an adverse bankruptcy proceeding against Burden, Zero Three Four Investment Group, and David Alfortish, who notarized the quitclaim deed. 23-1011, Rec. Doc. 1. Robinson sought a declaration that the quitclaim deed was null, enforcement of the automatic stay, return of the Liberty Street property, and an award of attorney fees and sanctions for violating the automatic stay. In response, Burden filed a state court action against Robinson's attorney seeking protection "from stalking or sexual assault." Burden's state court lawsuit was ultimately dismissed for lack of prosecution.

In the adverse bankruptcy proceeding, Robinson filed a Motion for Emergency Enforcement of Automatic Stay, for Temporary Restraining Order, and/or for Preliminary Injunction Against Defendant/Creditor, Jonathan Burden, and Motion for Emergency Enforcement of Automatic Stay for Protective Order, and/or for Preliminary Injunction Against State Court Filings, by Defendant/Creditor,

Jonathan Burden, Against Plaintiff and/or Plaintiff's Counsel. 23-1011, Rec. Docs. 8 and 9. Robinson sought an emergency injunction against Burden as well as sanctions, fees, and costs for violating the automatic stay.

An emergency hearing was held, but Burden did not appear.  The bankruptcy court preliminarily granted Robinson's motions. 23-1011, Rec. Doc. 15. The court found service of process on Burden and his corporation proper. The court further found the automatic stay applicable to the Liberty Street property and the rents. Burden was enjoined from exercising possession of the Liberty Street property.

The bankruptcy court then held an evidentiary hearing to consider the motions on a final basis. 23-1011, Rec. Doc. 20. Alfortish appeared, but only on his own behalf. Again, Burden did not appear.  The court again found service of process on Burden, Zero Three Four Investment Group, and Alfortish setting the evidentiary hearing proper.  The court confirmed its preliminary emergency findings, and further found Burden's acts to possess the Liberty Street property willfully violated the automatic stay. Robinson's motions were granted, and Burden was sanctioned under 11 U.S.C. § 362(k). The court took under advisement the amount of damages and sanctions to be awarded. 23-1011, Rec. Doc. 20.

The bankruptcy court instructed Robinson's attorney to file verified invoices reflecting the time and costs to prosecute the violation of the automatic stay. Counsel

complied. 23-1011, Rec. Docs. 22 and 23. Burden was given the opportunity to respond, but filed no response.

In a Memorandum Opinion and Order, the bankruptcy court awarded Robinson $4,650 for rents that were uncollected on the Liberty Street property, as well as $20,016 in attorney fees and $134.82 in expenses. Burden was also sanctioned $1,976 in attorney fees and $80 in expenses in favor of Robinson's attorney related to the state court lawsuit Burden filed against him personally. The bankruptcy court found these awards reasonable given the seriousness of the stay violations, the harm caused to the bankruptcy estate and creditors, the timely responses of Robinson and his attorney to protect the bankruptcy estate, and the prevailing rates for legal services.

Burden was ordered to appear for a compliance hearing. Despite notice, he neither appeared nor paid the sanctions. For his non-compliance, Burden was held in civil contempt. 23-1011, Rec. Doc. 31.

Burden then filed a Motion to Vacate Orders and for Leave of Court to File Pleadings In State Court Relative to the Subject Property of this Bankruptcy Matter. 23-1011, Rec. Doc. 37. He claimed he did not receive any summons or notice of Robinson's complaint. Thus, he asserted he was denied due process in connection with the orders and sanctions. Burden sought to vacate all bankruptcy orders and

4

leave to file pleadings in state court relative to ownership of the Liberty Street property.

Robinson opposed the motion to vacate and submitted evidence of service at 2023 Peniston Street, New Orleans. 23-1011, Rec. Doc. 72.  In a sworn affidavit attached to his motion to vacate, Burden admitted that address as his residence. 23-1011, Rec. Doc. 46.

Burden then filed a second affidavit asserting: "The Adversary Complaint was filed on May 17, 2023, but I did not move to 2023 Peniston Street until after my mother's surgery, in September 2023 which is why I never received notice of the complaint." 23-1011, Rec. Doc. 71. Robinson countered, arguing the evidence shows 2023 Peniston St. as Burden's "dwelling or usual place of abode" and the location where he "regularly conducts a business or profession." See Fed. Rule Bkrtcy. Proc. 7004(b)(1). 23-1011, Rec. Doc. 78.

The bankruptcy court denied the motion to vacate, finding Burden received adequate notice. 23-1011, Rec. Doc. 97.  Burden appealed. 23-1011, Rec. Doc. 100; 24-0487, Rec. Doc. 1.

## LAW AND ANALYSIS

Burden argues the bankruptcy court erred in imposing sanctions. Robinson contends Burden seeks to address the merits and overturn the original sanctions judgment, but only appealed the denial of the subsequent motion to vacate. Thus, he

5

argues Burden's appeal is late. He also argues the bankruptcy court did not err in denying the motion to vacate.

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158. The standard of review is the same used by an appellate court reviewing a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). Accordingly, this court must review conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. *In re Nat'l Gpsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). A district court will only reverse a bankruptcy court's fact findings if, upon review of the entire record, the court is left with the "definite and firm" conviction that the bankruptcy court erred. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). The burden is on the appellant to demonstrate clear error. *In re Drehsen*, 190 B.R. 441, 442 (M.D. Fla. 1995).

Burden's notice of appeal from the bankruptcy court designates for appeal "the judgment [resulting] from an evidentiary hearing on [Burden's] Motion to Vacate an Order of Contempt[.]". He further references the judgment being entered in February, 2024.

Burden's Motion to Vacate was filed November 22, 2023 and sought to vacate orders entered on June 23, 2023 (the liability findings) and September 21, 2023 (the sanctions order). 62 days lapsed between the sanctions order (September 21, 2023) and the motion to vacate (November 22, 2023). Thus, the motion to vacate proceeded

under Federal Rule of Civil Procedure 60(b), which permits a court, under some circumstances, to revisit a final judgment, order, or proceeding. *See also* Fed. Rules Bkrtcy. Proc. 9024.

Rule 60(b) lists several grounds upon which a "final judgment, order or proceeding" may be set aside. Subsections one through five are specific, while subsection six is a general clause permitting relief for other valid grounds. *Curtis v. Brunsting*, 860 Fed. Appx. 332, 335 (5th Cir. 2021). Subsection six "is a grand reservoir of equitable power to do justice in a particular case. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013). However, relief is granted "only if extraordinary circumstances are present," which requires a showing of "manifest injustice." *Id*. Rule 60(b) is not to be used to relieve a party from the "free, calculated, and deliberate choices he has made." *Id*.

Proceeding under Rule 60(b), Burden sought to vacate the court's orders for lack of notice. The bankruptcy court found Burden had notice. We review the denial of Burden's request for relief under Rule 60(b) for abuse of discretion. *Curtis*, 860 Fed.Appx. at 335.

The bankruptcy court found facts supporting notice and did not abuse its discretion in concluding notice was given. The bankruptcy court first considered the court record. The court noted the June 6, 2023 order instructed Robinson to serve

7

Burden at 2023 Peniston St. 23-1011, Rec. Doc. 11. A certificate of service was filed the next day. 23-1011, Rec. Doc. 12.

Second, the court considered Burden's testimony. At the hearing on the motion to vacate, Burden testified that on June 8, 2023, by overnight mail, he received notice of the June 9, 2023 court date. Knowing there was a court date on June 9, 2023, he chose not to appear, but began seeking counsel.

Then, the court considered the evidence introduced. Burden's affidavit said he resides at 2023 Peniston St.  23-1011, Rec. Doc. 46. The court also considered: (1) an eviction action where Burden listed his address as 2023 Peniston St.; (2) the Lorraine quitclaim deed listed 2023 Peniston St. as the address for Burden's company, Zero Three Four Investment; (3) the Louisiana Secretary of State lists 2023 Peniston St. as the address for Burden's various businesses, including Zero Three Four Investment; and (4) a deposition where Burden testified he lived at 2023 Peniston St. "mostly all my life."

A Rule 60(b) appeal of the denial of a motion does not raise the merits of underlying judgment for review. *Barger v. Hayes Cty. Non-Stock Co-Op (In re Barger)*, 219 B.R. 238, 244 (8th Cir. BAP 1998). The appeal only presents whether the trial court abused its discretion in ruling on the motion. *Id*.; *citing Browder v. Dir. Dep't of Corrections*, 434 U.S. 257, 263 (1978). In applying the abuse of discretion standard, this court is reminded that Rule 60(b) provides relief "only if extraordinary

circumstances are present" and not to relieve a party from the "free, calculated, and deliberate choices he has made." *Yesh Music*, 727 F.3d at 363.

The evidence supports that Burden received notice of the pending motions against him on June 8, 2023. He failed to appear at the emergency hearing on June 9, 2023.  He again failed to appear at the evidentiary hearing on June 23, 2023. He failed to respond to the September 21, 2023 sanctions judgment and failed to appear at the November 9, 2023 compliance hearing. Only after Burden was held in contempt did he respond with his motion to vacate. This court finds no error or abuse of discretion in the bankruptcy court finding of proper service and notice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the judgment of the bankruptcy court is AFFIRMED.

New Orleans, Louisiana this __25th__ day of March 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE